461 A.2d 634

**COMMONWEALTH of Pennsylvania**

v.

**Andrew GALE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 26, 1983.

Filed June 10, 1983.

Petition for Allowance of Appeal Denied Sept. 7, 1983.

John S. DiGiorgio, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, WIEAND and POPOVICH, JJ.

ROWLEY, Judge:

Appellant was convicted, after a non-jury trial, of theft and of conspiracy to commit theft. Post-trial motions were filed and denied. Appellant was sentenced on the two convictions to consecutive terms of imprisonment of not less than two and one-half nor more than five years on each charge. This direct appeal followed.

The sole issue raised by appellant is whether the trial court erred in failing to suppress his statement to police in which he admitted his participation in this incident.

The charges arose out of a theft committed on October 7, 1980, in the home of Henrietta Harze, a mentally retarded, fifty-eight year old woman. During the course of the incident, Ms. Harze was raped and stabbed to death and the house set on fire. Appellant's co-defendant, Carlie Mitchell, was tried by a jury and found guilty of murder in the first degree, arson, robbery, risking catastrophe, criminal conspiracy and rape.

The record reveals the following. On December 3, 1980, appellant was arrested on a charge of possession of an instrument of crime. Officer Lavine of the Philadelphia police was aware that homicide detectives were looking for appellant in connection with the Harze homicide. Appellant was taken to homicide headquarters, where he was advised of his *Miranda* rights. Appellant requested to speak to his attorney. Interrogation immediately ceased. Appellant then conferred with his attorney by telephone and, on the advice of counsel, refused to make any statement to police. Appellant was permitted to leave police headquarters without any charges having been filed against him. The investigation continued and, as a result of additional evidence, appellant was arrested on December 10, 1980, in connection with the Harze homicide.

After appellant was again read his *Miranda* rights, he signed a waiver of those rights and gave a statement to the police admitting his participation in the October 7 incident. When asked why he was talking to the police without his attorney being present and against his attorney's advice, appellant answered:

"Because I'm tired of everybody telling me what to do. I want to stand up on my own and do the right thing. That lawyer charged me $100 just for a phone call the last time. I don't think that he cares about me."

Appellant argues that the interrogation on December 10, 1980, without his attorney, violated his constitutional rights under *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), because he had previously asserted his right not to be questioned without counsel present.

We have concluded that this case is distinguishable from *Edwards.* Under the facts of this case, appellant's waiver of his *Miranda* rights on December 10, 1980, was valid and his statement was properly admitted into evidence.

In *Edwards,* the defendant was arrested and advised of his *Miranda* rights. He then gave an incriminating statement. The Arizona Supreme Court affirmed the conviction on the ground that the defendant had voluntarily waived his

right to remain silent and to the presence of counsel during questioning.

The United States Supreme Court reversed, holding that the defendant's confession was obtained in violation of his Fifth and Fourteenth Amendment rights. The Court based its decision on the fact that the Arizona court focused only on the question of whether the confession was voluntary, and failed to examine whether the defendant understood his right to counsel and intelligently and knowingly relinquished that right. The Court held that after asserting the right to counsel, a defendant may not be subjected to further police initiated interrogation *until counsel has been made available to him. Edwards v. Arizona*, 451 U.S. at 485, 101 S.Ct. at 1885, 68 L.Ed.2d at 386 (emphasis added). In *Edwards*, the police returned without making counsel available to the defendant and it was not clear what prompted the defendant's decision to give a statement.

■ However, *Edwards* did not establish a *per se* rule that once the right to counsel has been asserted, a defendant may never be questioned without counsel present. *Wyrick v. Field*, 459 U.S. 42, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982). An initial exercise of *Miranda* rights does not foreclose a later waiver of them. *Commonwealth v. Frison*, 301 Pa.Super. 498, 448 A.2d 18 (1982). In determining the validity of such a waiver, the court must look at the "totality of the circumstances". *Wyrick v. Fields*, 459 U.S. at 46, 103 S.Ct. at 396, 74 L.Ed.2d at 218.

■ Based on all of the circumstances, the trial court properly concluded that appellant knowingly and intelligently waived his right to counsel. Unlike the situation in *Edwards*, appellant was not in custody during the period between interrogations. He had an attorney and was free to consult with that attorney prior to December 10. In this case, counsel was "made available" to appellant. Appellant did consult counsel during the December 3 interrogation and chose to remain silent. He obviously understood both his right to counsel and his right to remain silent. The

record also reveals why appellant later decided to talk to police. He was dissatisfied with counsel's advice and wanted to "do the right thing". This clearly indicates that between December 3 and December 10, appellant had a "change of heart". *See Commonwealth v. Frison, supra.* Under these circumstances his waiver was voluntary, knowing and intelligent.

Judgment of sentence affirmed.